**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22120-ALTMAN**

PRIME PROPERTY
&
CASUALTY INSURANCE INC.,

 *Plaintiff*,

v.

MELIVN FORD, *et al.*,

 *Defendants.*

_____/

## ORDER GRANTING ALTERNATIVE SERVICE

Our Plaintiff, Prime Property & Casualty Insurance Inc. ("Prime"), seeks a declaratory judgment in a lawsuit that arises from a June 2, 2023 auto accident. *See generally* Compl. [ECF No. 1]. Prime now moves to serve Defendant Melvin Ford by publication under Florida law. *See* Motion for Alternative Service [ECF No. 12] (the "Motion"). After careful consideration, we grant that Motion.

An individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(e)(1). Under Florida law, a plaintiff may execute "[s]ervice of process by publication" in fifteen kinds of cases. *See* FLA. STAT. § 49.011. Specifically, service by publication is authorized "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial determination or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder." *Id.* § 49.011(5); *see also Capitol Specialty Ins. Corp. v. Rivera*, 2015 WL 13801896, at *3 (M.D. Fla. Feb. 27, 2015) (Kelly, Mag. J.) ("This is an action for declaratory relief to determine the parties' rights and obligations under an insurance policy. Therefore, service may be effectuated by publication." (citing FLA. STAT. § 49.011(5))).

"As a condition precedent to service by publication, a statement shall be filed in the action executed by the plaintiff, the plaintiff's agent or attorney, setting forth substantially the matters hereafter required, which statement may be contained in a verified pleading, or in an affidavit or other sworn statement." FLA. STAT. § 49.031(1). When the defendant is a natural person, that sworn statement must show the following:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
>
> (3) In addition to the above, that the residence of such person is, either:
>
> > (a) Unknown to the affiant; or
> >
> > (b) In some state or country other than this state, stating said residence if known; or
> >
> > (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

*Id.* § 49.041; *see also CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, 2021 WL 2953118, at *2 (S.D. Fla. July 14, 2021) (Bloom, J.) (setting out the requirements for service by publication); *Deutsche Bank Nat'l Tr. Co. v. Taylor*, 2022 WL 1491645 (S.D. Fla. Apr. 5, 2022) (Altman, J.) (same). "Strict and substantial compliance with the provisions of the [service-by-publication] statute must be shown in order to support the judgment." *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d 951, 952 (Fla. 3d DCA 2012) (quoting *Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Were Due*, 33 So. 2d 716, 718 (Fla. 1948)); *see also EHR Aviation, Inc. v. Lawson*, 2011 WL 46119, at *2 (M.D. Fla. Jan. 6, 2011) ("Because the statutes that allow for substitute service of process are an exception to the general rule requiring

that a defendant be personally served, 'due process values require strict compliance.'" (quoting *Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002))).

Prime's attorney, Brady L. Taylor, has filed a sworn statement that satisfies all three prongs of the service-by-publication test. *See generally* Affidavit of Due Diligence [ECF No. 12-1]. *First*, Taylor says that Prime attempted to serve Ford at four separate addresses and "retained the services of a private investigator to assist in locating Ford." *Id.* ¶ 15; *see also id.* ¶¶ 9–16. Prime therefore undertook "a diligent search and inquiry . . . to discover the name and residence" of Ford. FLA. STAT. § 49.041(1); *Peysina v. Deutsche Bank Nat'l Trust Co.*, 118 So.3d 237, 238 (Fla. 3d DCA 2013) ("While there is no bright-line rule for what constitutes a diligent search, generally, in reference to the diligent search and inquiry requirement of section 49.041, Florida Statutes, 'the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.'" (quoting *Canzoniero v. Canzoniero*, 305 So.2d 801, 803 (Fla. 4th DCA 1975))). *Second*, "Ford is over the age of 18 years." Affidavit of Due Diligence ¶ 4; *see also* FLA. STAT. § 49.041(2) (requiring the movant to show "[w]hether such person is over or under the age of 18 years"). *Third*, the Affidavit of Due Diligence states that "Prime knows of no other locations at which to effectuate service over Ford. Accordingly, Ford cannot be located and his residence is unknown." Affidavit of Due Diligence ¶ 20; *see also* FLA. STAT. § 49.041(3)(a) (requiring that the movant show "that the residence of such person is . . . [u]nknown to the affiant"). Prime has therefore satisfied the statutory requirements for service by publication.

*     *     *

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1.  The Plaintiff's Motion [ECF No. 12] is **GRANTED**.

2.  The Clerk of Court is **DIRECTED** to issue the Notice of Action [ECF No. 12-5] at 2;

3

[ECF No. 12-6].

3. The Plaintiff must serve Defendant, Melvin Ford, in accordance with FLA. STAT. § 49.021

by **June 12, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on May 26, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

4