**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 26-cv-22120-ALTMAN/Hernandez**

**PRIME PROPERTY & CASUALTY INSURANCE INC.**,

*Plaintiff,*

*v.*

**ALL SEASON LOGISTICS LLC**, *et al.*,

*Defendants.*
______________________________________/

**ORDER**

Before the Court is Plaintiff Prime Property & Casualty Insurance Inc.'s Motion to strike defendant Ford's affirmative defenses ("Motion"), [ECF No. 37], which was referred for disposition, [ECF No. 38]. Defendant Ford filed his response, [ECF No. 40], and Plaintiff filed no reply. Accordingly, the Motion is ripe. The Court has carefully reviewed the Motion, all documents and pleadings on file, and the applicable law, and is otherwise fully advised. For the reasons below, the Motion is **GRANTED in part and DENIED in part**.

**BACKGROUND**

On June 2, 2023, defendant Alejandro Aguilar, operating a truck owned by defendant Tapanes Matos and, possibly, Matos' company MTS, was hauling automobiles in a trailer associated with defendant All Season. [ECF No. 1 ¶ 18]. Aguilar "purportedly collided with a vehicle operated by Ford," after which collision Ford filed two personal injury lawsuits against All Season, Aguilar, Matos, and MTS. *Id.* ¶¶ 18–19. Those claims are pending in the Second Judicial Circuit for Leon County (the "Underlying Litigation"). *Id.* ¶ 20. Plaintiff is All Season's insurer. *Id.* ¶ 15.

On March 27, 2026, Plaintiff filed this action, seeking declaratory judgment relieving it of any obligation to defend against any claim arising from the June 2, 2023 accident. *See generally* [ECF No.

1]. In his answer, Defendant Ford asserted three affirmative defenses, [ECF No. 21 at 6–7], which Plaintiff moved to strike as insufficient as a matter of law, [ECF No. 37 at 2–6]. In his response, Ford argues that the first two affirmative defenses are properly pled, but moves to withdraw the third. [ECF No. 40].

Prime acknowledges that the first affirmative defense is legally available but claims the circumstances in this case do not support it. But courts do not strike defenses based on likelihood of success (or lack thereof). Next, Prime correctly observes that the second affirmative defense, which concerns indemnification and *not* the duty to defend, is not ripe for adjudication. Accordingly, the Court grants the motion as to the second affirmative defense and denies it as to the first affirmative defense.

## LEGAL FRAMEWORK

*i. Affirmative Defenses*

"An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in [the] complaint are true." *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, No. 10-62115-Civ, 2012 WL 5635590, at *8 (S.D. Fla. Nov. 15, 2012) (alteration in original; citation omitted). Thus, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *XYZ Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-CV-24366, 2024 WL 3673011, at *5 (S.D. Fla. Aug. 6, 2024) (quoting *Puck v. Silverman*, No. 1:22-CV-24078-KMM, 2023 WL 9228323, at *3 (S.D. Fla. Dec. 22, 2023)).

*ii. Motions to Strike Affirmative Defenses Under Fed. R. Civ. P. 12(f)*

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. FED. R. CIV. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*,

434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Broad discretion notwithstanding, "[m]otions to strike generally are disfavored and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (citations and internal quotation marks omitted).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts apply the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. *See, e.g.*, *Sciacca*, No. 11-24054-CIV, 2012 WL 527366, at *1 (citing *Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1362 (S.D. Fla. 2011); *Sace BT S.p.A. v. Italkitchen Int'l, Inc.*, No. 11-21663-CIV, 2012 WL 37391, at *1 (S.D. Fla., Jan. 6, 2012); *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 650 (S.D. Fla. 2015); *Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010); *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 5398625, at *18 (S.D. Fla. Nov. 2, 2012); *Royal Caribbean Cruises, LTD v. Jackson*, No. 12-22000-CIV, 2013 WL 358359 at *6 (S.D. Fla. Jan. 29, 2013). Others require only that the affirmative defense "provide[ ] the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue." *Brito v. Palm Springs Mile Assocs., Ltd.*, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021); *see also, e.g.*, *Bynum v. Carnival Corp.*, No. 23-CV-23760, 2024 WL 229545, at *2 (S.D. Fla. Jan. 22, 2024); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) ("[S]o long as [d]efendants' affirmative defenses give [p]laintiffs notice of the claims [d]efendants will litigate, and vice versa, the defenses will be

appropriately pled under Rules 8(b) and (c)."); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests."); *Patel v. Spot Classic Barbershop, LLC*, 2022 WL 19266320, at *2 (S.D. Fla. Apr. 18, 2022) (reviewing cases and applying "the less stringent 'notice-pleading' standard to [p]laintiff's motion to strike [d]efendant's affirmative defenses"); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) (same).

In this Court's view, affirmative defenses are not subject to the *Twombly-Iqbal* heightened pleading standard for three reasons. First, by their own terms, Rules 8(b) and 8(c) apply to "defenses," and "affirmative defenses," respectively. Rule 8(a), however, applies to "claims for relief" and makes no mention of defenses—affirmative or otherwise. Importing cases interpreting Rule 8(a) into the Rule 8(b) and 8(c) space, then, ignores crucial textual differences between these subsections.

Second, both *Twombly* and *Iqbal* relied on Rule 8(a)'s "entitled to relief" language to conclude that a complaint must assert a plausible claim. *See Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting . . . agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"); *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."). That "entitled to relief" language appears nowhere in Rule 8(b) or 8(c), which is telling. *Bynum*, 2024 WL 229545, at *2 (citing canons of interpretation, including the well-known "expressio unius" or "expression of one thing implies the exclusion of others"). Put differently, where the plausibility standard is rooted in specific language (i.e., "entitled to relief"), the omission of this language is powerful evidence that a different standard should govern.

Third, some asymmetry in pleading standards makes sense, given that a party responding to a complaint must do so within 21 days—whereas a plaintiff faces only the temporal constraints of a statute of limitations. *See Ramindesign, LLC v. Skarzynski*, No. 23-CV-24838, 2025 WL 271652, at *4 (S.D. Fla. Jan. 23, 2025) ("Furthermore, 'when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair.'") (citing *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011)), *report and recommendation adopted*, No. 23-24838-CIV, 2025 WL 485965 (S.D. Fla. Feb. 13, 2025).

Accordingly, Rule 8 "does not obligate a defendant to set forth detailed factual allegations," requiring only that a defendant "give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D 668, 671 (S.D. Fla. 2013); *see also Morrison*, 434 F. Supp. at 1318 (same). Even so, "an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "An affirmative defense is insufficient as a matter of law where: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Id.* (quoting *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2) (internal quotations omitted).

## ANALYSIS

### *i. First Affirmative Defense*

Ford's First Affirmative Defense alleges that Prime "is estopped from asserting its claim that coverage under the Policy is not available for All Season[ ]," because Prime "provided All Season[ ] with a defense in the Underlying Litigation for over one year" and "failed to dispute or otherwise express any uncertainty regarding its obligation to defend All Season[ ]." [ECF No. 21 at 6]. Relying

on Prime's efforts, Ford says, All Season did not conduct its own investigation or secure independent counsel. As a result, "Prime's belated efforts to deny any duty to defend (or indemnify) All Season[ ] has prejudiced their defense in the Underlying Litigation." *Id.* Prime objects on three grounds: (1) the defense is "nothing more than [a] conclusory statement[ ];" (2) Ford lacks standing to assert it; and (3) Florida law precludes estoppel-based defenses stemming from insurer conduct. [ECF No. 37 at 2–3]. Ford counters that coverage by estoppel is a viable affirmative defense in certain cases and Prime's "ability to rebut the affirmative defense on the merits is immaterial to its ability to strike." [ECF No. 40 at 4].

As a threshold matter, because Prime makes no effort to develop its first two arguments (which are little more than rhetorical flourishes[1]), they must fail. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012), *abrogated on other grounds by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir 2015) (finding that a party abandons an argument by failing to develop it or cite any legal authority in its support, even if mentioned in passing).

Turning to Prime's legal viability argument, Prime acknowledges that promissory estoppel may constitute an affirmative defense under certain circumstances, [ECF No. 37 at 3]. It nevertheless contends that those circumstances are inapplicable here. Perhaps so, but that is a question for another day. At the motion-to-strike stage, the Court evaluates only the legal sufficiency of an affirmative defense, not its legal merits. *Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2024 WL 2776173, at *8 (S.D. Fla. May 30, 2024) (denying motion to strike based on claim that "as a factual matter" the defense was unavailable and observing that "we aren't entitled, at this pleading stage of the case, to decide 'whether [this] defense should fail on the merits'"(alterations in original)) (citing *Kearney v. Valley Nat'l Bank*, 2022 WL 19754, at *3 (M.D. Fla. Jan. 3, 2022)). In other words, the Court will not evaluate

[1] Prime introduces both challenges with "[s]etting aside the fact," and thus invites the Court to disregard the two arguments that follow. [ECF No. 37 at 2]. We will do so.

the *viability* of the offense—only its *availability* under the law. Because the First Affirmative Defense, as Prime acknowledges, [ECF No. 37 at 3–4], does exist, and Ford supplied enough information to put Prime on notice of the general facts underlying the asserted defense, it survives. Accordingly, as to this defense, the Motion is denied.

*ii. Second Affirmative Defense*

Ford's Second Affirmative Defense seeks indemnification as an alternative to coverage under the policy. It highlights an attachment to the insurance policy (the MCS-90 endorsement), which Ford contends provides for indemnification even if the Court finds that the policy does not cover the crash. [ECF No. 21 at 6–7]. *See also* [ECF No. 1-1 at 53–55]. Prime says the MCS-90 issue is tangential to the duty to defend questions raised in the Complaint and not ripe because the Underlying Litigation has not matured into a judgment. [ECF No. 37 at 4]. Ford responds that this is a "classic 'yes-but' affirmative defense," that is, a defense that accepts the plaintiff's assertions but adds facts precluding relief. [ECF No. 40 at 5]. Prime is correct that the issues Ford raises in the Second Affirmative Defense are separate from those raised in the Complaint, and the question of indemnification is unripe.

An insurer's duty to defend is distinct from its duty to indemnify. *Mt. Hawley Ins. Co. v. H&M Builders, LLC*, No. 1:22-CV-23091-KMM, 2023 WL 11809505, at *3 (S.D. Fla. July 11, 2023); *see also Progressive Express Ins. Co. v. CPI Trucking & Logistics, LLC*, No. 22-22360-CV, 2025 WL 2586128, at *2 (S.D. Fla. Sept. 8, 2025) (explaining that the lack of duty to defend did not resolve indemnification question under MCS-90 endorsement). Accordingly, the Second Affirmative Defense is aimed at matters that are not implicated by the Complaint.

Moreover, Declaratory judgment actions regarding the duty to indemnify are "not ripe until the insured's liability [is] established because the issue 'might never arise.'" *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. &*

*Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). And while a narrow exception to this ripeness rule may apply in cases where the duty to defend and the duty to indemnify have some relationship, *CPI Trucking & Logistics, LLC*, 2025 WL 2586128, at *2, Ford has not alleged such a relationship here. To the contrary, his response acknowledges that the two matters are distinct, such that the denial of one does not foreclose the other. [ECF No. 40 at 5]. In any event, because the Underlying Litigation is still ongoing in state court, Ford's affirmative defense seeks indemnification for a liability that may or may not materialize. Thus, the issue underlying the Second Affirmative Defense is not ripe, and is due to be stricken.[2]

*iii. Third Affirmative Defense*

In his response, Ford moves to withdraw his third affirmative defense. [ECF No. 40 at 7]. When a party has withdrawn an affirmative defense, a court may properly grant a request to strike it. *See Mad Room, LLC v. City of Miami*, 2024 WL 2776173, at *11 (granting a motion to strike with respect to an affirmative defense which the defendant had withdrawn). Therefore, we grant the Motion with respect to the withdrawn Third Affirmative Defense.

---

[2] In his Reply, Ford suggests he should be allowed to bring his Second Affirmative Defense as a counterclaim. [ECF No. 40 at 6]. For support, he cites *CPI Trucking & Logistics* and *Trisura Specialty Ins. v. Blue Horse Trucking*, No. 20-24134-CIV, 2021 WL 4334764. Neither case helps his argument, however. In *CPI Trucking*, as in *Trisura*, the court stayed *existing* litigation pending the resolution of the underlying lawsuit. That is a far cry from allowing a party to plead an unripe counterclaim from the start. Nevertheless, Ford has not moved to amend—and, in any event, such a motion would be improper if folded into a response to a different motion, *see* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."); *PNC Bank, N.A. v. Rickenbacker Marina, Inc.*, No. 1:24-CV-22204, 2025 WL 373108, at *7 (S.D. Fla. Jan. 30, 2025) ("Affirmative requests for relief must be made in separate motions, not incorporated into the text of a legal memorandum."). And so, we do not decide the amendment question here.

## CONCLUSION

For the foregoing reasons, it is ORDERED and ADJUDGED that the Motion is GRANTED in part and DENIED in part as follows:

1. As to the First Affirmative Defense, the Motion is DENIED; and

2. As to the Second and Third Affirmative Defenses, the Motion is GRANTED.

**DONE AND ORDERED** in the Southern District of Florida on September 14, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record